UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**CHRISTOPHER DAY**, individually and on behalf of all others similarly situated,

              Plaintiff,

   v.

**MERCANTILE ADJUSTMENT BUREAU, LLC**,

              Defendant.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

     Plaintiff, CHRISTOPHER DAY (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of all others similarly situated, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

     1.    PLAINTIFF brings this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. DEFENDANT uses voice mail scripts that do not comply with the FDCPA.

## JURISDICTION AND VENUE

     2.    The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

     3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

     4.    PLAINTIFF is a natural person residing in Spencerport, New York.

5.  PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.  PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.  DEFENDANT is an LLC formed under the laws of New York, its principal business purpose being debt collection, with its principal office located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York, 14221.

8.  PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.  PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about October 19, 2018, DEFENDANT called PLAINTIFF and left the following voice mail:

> Hi, my name is [unintelligible], I have an important message from Mercantile Adjustment Bureau. Please contact me at 8772540943. This call is from a debt collector. Please when calling use reference 64224040. Thank you.

11. This was DEFENDANT's first communication with PLAINTIFF.

12. Thereafter, PLAINTIFF did not receive any further written communication from DEFENDANT.

## CLASS ACTION ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

   a. A class consisting of natural persons in New York who:
      i. Within one year prior to the filing of this action;
      ii. Received a voice mail from DEFENDANT;
      iii. In substantially the same form as the voice mail that DEFENDANT left on PLAINTIFF's phone;
      iv. Where the voice mail was the first communication that DEFENDANT had with that consumer.

15. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 100 and 500 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

16. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

   a. Whether DEFENDANT violated 15 U.S.C. § 1692e(11) by neglecting to include particular information in its voice mail;
   b. The identities of individuals who received a substantially similar voice mail from DEFENDANT;

      c.   The total number of voice mails that DEFENDANT left on consumers' phones.

17.   PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

18.   Upon information and belief, DEFENDANT has a practice and policy of intentionally and systematically employing a voice mail script that neglects to disclose that they are attempting to collect a debt, and that any information obtained will be used for that purpose.

19.   PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

20.   PLAINTIFF is committed to vigorously pursuing his claims.

21.   A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

22.   A class action regarding the issues in this case does not create any problems of manageability.

23.   If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § e(11)
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF THE CLASS**

24.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 23 inclusive, above.

25.     In the initial communication with the consumer, a debt collector must notify the consumer that they are attempting to collect a debt, and that any information obtained will be used for that purpose.  15 U.S.C. § 1692e(11).

26.     On or about October 19, 2018, DEFENDANT called PLAINTIFF and left the following voice mail:

> Hi, my name is [unintelligible], I have an important message from Mercantile Adjustment Bureau. Please contact me at 8772540943. This call is from a debt collector. Please when calling use reference 64224040. Thank you.

27.     This was DEFENDANT's first communication with PLAINTIFF.

28.     In this voice mail, DEFENDANT did not disclose that they were attempting to collect a debt, or that any information obtained will be used for that purpose, and therefore violated 15 U.S.C. § 1692e(11).

29.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

30.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, he and is entitled to recover reasonable attorneys' fees therefor.

31. PLAINTIFF has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g
### BROUGHT BY PLAINTIFF INDIVIDUALLY

32. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 31 inclusive, above.

33. Within five days of its initial communication with a consumer, a debt collector must provide the consumer with specific information in a written notice per 15 U.S.C. § 1692g.

34. On or about October 19, 2018, DEFENDANT called PLAINTIFF and left the following voice mail:

> Hi, my name is [unintelligible], I have an important message from Mercantile Adjustment Bureau. Please contact me at 8772540943. This call is from a debt collector. Please when calling use reference 64224040. Thank you.

35. This was DEFENDANT's initial communication with PLAINTIFF.

36. Thereafter, PLAINTIFF did not receive any further written communication from DEFENDANT.

37. By not providing PLAINTIFF with a written notice, DEFENDANT violated 15 U.S.C. § 1692g.

38. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

39. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and he is entitled to recover reasonable attorneys' fees therefor.

40. PLAINTIFF has suffered the concrete injury of being deprived of his right to receive the information guaranteed by 15 U.S.C. § 1692g, and he therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

41. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANT for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For certification of the class;

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of DEFENDANT;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
November 14, 2018

Respectfully Submitted,

**DOUGLAS FIRM, P.C.**

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
36 West Main Street, Ste 500
Rochester, NY  14614
Tel: (585) 568-2224
Fax: (585) 546-6185
alex@lawroc.com